Thomas A. Aurelio, J.
By its order dated July 6, 1961 the Appellate Division has directed that a hearing be had on the order to show cause dated October 5, 1960 why plaintiff wife should not be punished as and for a contempt of this court for her alleged violations of the provisions relating to the custody *59 and religious training of an infant contained in a decree of this court entered on the 30th d.ay of January, 1959.
It appears from the hearing held before me that plaintiff and defendant married in 1934 and lived together as Orthodox Jews; that they had three children; that Lewis Jay, the infant here involved, the youngest, is 12 years of age; that the parties separated and a judgment of separation was entered herein on December 15, 1955 giving plaintiff wife custody of the infant with certain rights of visitation to defendant husband; that, thereafter, on January 23, 1959 the parties entered into an agreement in writing which, pursuant to its terms, was incorporated in the decree divorcing the parties; that on June 30,1959 the judgment of separation dated December 15, 1955 was amended and modified to include all of the terms and provisions of the agreement by stipulation of the parties. Among other things, the agreement provided (par. Fourth):
“ (1) The Father shall have full charge of the religious education of Lewis Jay and may bring him up in the Orthodox Jewish faith, notwithstanding any different religion which the Mother may have. The Mother agrees that she will not obstruct any such religious education and will not teach the child, directly or indirectly, any other religion.”
“ (2) The Father will, at his own cost and expense, provide the religious education, including school and transportation to and from any school for religious training. The religious training shall be such as is provided by an Orthodox Hebrew School serving the community in which Lewis Jay resides.”
* * *
“ (6) The Father shall have the right to have Lewis Jay on all religious Holy Days required for observance by the Orthodox Jewish faith. For these Holy Days, the Father shall have the right to have Lewis Jay visit at the Father’s home and stay over for any nights that may be involved. The Holy Days include New Years (two days), Day of Atonement (one day), Feast of Tabernacles (first two days and seventh and eighth days), Passover (first two days and seventh and eighth days) and the Feast of Weeks (two days).”
Thus, it clearly appears the parties have solemnly agreed that the infant shall be reared as an Orthodox Jew. Each of the parties has remarried, and plaintiff wife has become converted to Christian Science, the religion of her present husband. No doubt the infant is being reared in a home not of his religious faith. Both plaintiff wife and the infant testified that she takes him to a Christian Scientist church every Sunday to attend the *60 services. The infant himself testified that he does not care to be instructed in the Jewish faith and prefers to be a Christian Scientist, his mother’s adopted religion.
I am of the opinion that this infant should not be permitted to abandon so easily the faith he was born in. He has not reached the age of discernment and understanding to fully appreciate the significance of this momentous decision. • I am firmly of the opinion that his father should be permitted to try to rear his boy as an Orthodox Jew in accordance with the provisions of the agreement as above set forth. I am convinced that plaintiff has greatly influenced this infant’s thinking and present desire to become a Christian Scientist and that she has willfully and deliberately violated the terms of the agreement relating to the infant’s religious training and bringing up.
Defendant’s claim that plaintiff wife has not co-operated in carrying out the true purpose and intent of the agreement in many other respects finds support in the evidence adduced before me. Suffice it to say that her attitude throughout has been to thwart the agreement she made and that she wants to do as she pleases in disregard of defendant’s rights. It is apparent that if she intended to carry out the agreement there were ways and means of doing so. In sum I conclude she has contemptuously violated the agreement and the decree of this court. Accordingly, she is adjudged in contempt of court and is fined the sum of $250.
Whether or not there should be a change of custody in order to give effect to the agreement of the parties to rear the infant as an Orthodox Jew is not before the court. If defendant father is so advised, such an application should be made in a separate proceeding.